ORIGINAL

FILED IN CLERK'S OFFICE
U S D C Atlanta

MAR 0 2 2006

LUTHER D THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVIN J. GRIFFIN, | ) |
| Plaintiff, | ) Civil Action<br>) File No.: 1:06-CV-0496<br>) (Civil Action No. Fulton Co. State Court:<br>) 06VS092955A) |
| v. | ) |
| STANDARD PARKING CORPORATION, URBAN AMERICA, LP, and JOHN DOES 1 and 2, | ) |
| Defendants. | ) |

## ANSWER AND DEFENSES OF DEFENDANT STANDARD PARKING CORPORATION

Comes now Defendant Standard Parking Corporation, (hereinafter referred to as "Defendant") and responds to the Complaint of the Plaintiff by filing this Answer and further showing this Court as follows:

**FIRST DEFENSE**

For a first defense, Defendant responds to the enumerated paragraphs of the Plaintiff's Complaint as follows:

1

1.

Defendant admits that it is a foreign for profit corporation authorized to do business in Georgia, maintains an office and transacts business in Fulton County, Georgia, and may be served with a Summons and Complaint through its registered agent C.T. Corporation System, 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361. Defendant denies the remaining facts as alleged in Paragraph 1 of Plaintiff's Complaint, and demands strict proof thereof.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 2 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 3 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

4.

Defendant admits that on or about January 28, 2004, it was a tenant of the premises located at 75 Piedmont Avenue, in Atlanta, Georgia, with said premises being

operated primarily as an office building. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remaining facts as alleged in Paragraph 4 of Plaintiff's <u>Complaint</u> and therefore denies same and demands strict proof thereof.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 5 of Plaintiff's <u>Complaint</u> and therefore denies same and demands strict proof thereof.

6.

Defendant denies the facts as alleged in Paragraph 6 of Plaintiff's <u>Complaint</u>.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 7 of Plaintiff's <u>Complaint</u> and therefore denies same and demands strict proof thereof.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the facts as alleged in Paragraph 8 of Plaintiff's <u>Complaint</u> and therefore denies same and demands strict proof thereof.

9.

No response is required of Defendant to the "WHEREFORE" paragraph of Plaintiff's Complaint. To the extent that one is required, Defendant denies the facts as alleged therein and demands strict proof thereof.

10.

Any and all facts as alleged in Plaintiff's Complaint which have not been expressly admitted by Defendant in this answer are hereby denied and strict proof of same is hereby demanded.

## Second Defense

Plaintiff's Complaint against Defendant fails to state a claim upon which relief can be granted.

## Third Defense

No action or omission on the part of Defendant proximately caused the accident at issue or the alleged injuries and damages of Plaintiff, and therefore Plaintiff cannot recover from Defendant.

## Fourth Defense

Defendant asserts the defenses of contributory and comparative negligence against Plaintiff such that Plaintiff cannot recover from Defendant or any recovery awarded Plaintiff must be reduced in proportion to Plaintiff's negligence with respect

to the accident at issue.

### Fifth Defense

Plaintiff is barred from recovery because the area over which he fell was open and obvious.

### Sixth Defense

The area in which Plaintiff fell was not in violation of any applicable building code and therefore Plaintiff's cannot recover from Defendant.

### Seventh Defense

Plaintiff had equal or superior knowledge of the condition(s) that led to his alleged injuries and damages and as such is barred from recovery against Defendant.

### Eighth Defense

The sole proximate cause of the injuries alleged in Plaintiff's Complaint was the actions, nonactions or negligence of a person or persons, other than Defendant, for whose actions, nonactions or negligence Defendant is in no way liable. Plaintiff is not, therefore, entitled to recover from Defendant in this action.

### Ninth Defense

Plaintiff may have failed to exercise ordinary care for her own protection and

Plaintiff is not, therefore, entitled to recover from Defendant in this action.

WHEREFORE, having responded to the Plaintiff's Complaint, Defendant respectfully requests:

(a) that the Court enter judgment in favor of Defendant and against Plaintiff and cast all costs of said action against Plaintiff;

(b) for a trial by jury of twelve (12); and

(c) for such further relief as this Court deems just and proper.

Respectfully Submitted, this 2nd day of March, 2006.

_____
Matthew G. Moffett
State Bar No.: 515323
Kerri A. Hochgesang
State Bar No.: 358448
Attorneys for Defendant Standard Parking

**Gray, Rust, St. Amand,**
**Moffett & Brieske, L.L.P.**
300 Mayfair Royal
181 14th Street, N.E.
Atlanta, Georgia 30309
Phone:   (404) 870-7373
Fax:      (404) 870-7374
E-mail:   mmoffett@grsmb.com
           khochgesang@grsmb.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVIN J. GRIFFIN,           ) | |
| )                            | |
| Plaintiff,                   ) | Civil Action |
| )                            | File No.: |
| )                            | (Civil Action No. Fulton Co. State Court: |
| )                            |    06VS092955A) |
| vi.                          ) | |
| )                            | |
| STANDARD PARKING             ) | |
| CORPORATION, URBAN           ) | |
| AMERICA, LP, and JOHN        ) | |
| DOES 1 and 2,                ) | |
| )                            | |
| )                            | |
| Defendants.                  ) | |
| _____) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the **ANSWER AND DEFENSES OF DEFENDANT STANDARD PARKING CORPORATION** upon all counsel of record by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to:

Earl A. Davidson
Giddens, Davidson & Mitchell, P.C.
1523 Ralph David Abernathy Blvd., S.W.
Atlanta, Georgia 30310

This 2nd day of March, 2006.

                        Respectfully submitted,

                        _/s/ Kerri A. Hochgesang_
                        Matthew G. Moffett
                        State Bar No.: 515323
                        Kerri A. Hochgesang
                        State Bar No.: 358448
                        Attorneys for Defendant Standard Parking

**Gray, Rust, St. Amand,**
**Moffett & Brieske, L.L.P.**
300 Mayfair Royal
181 14th Street, N.E.
Atlanta, Georgia 30309
Phone:    (404) 870-7373
Fax:       (404) 870-7374
E-mail:   mmoffett@grsmb.com
             khochgesang@grsmb.com